13-558-cv
*C.L. v. N.Y.C. Dep't of Education*,

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 27th day of January, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
                RICHARD C. WESLEY,
                DENNY CHIN,
                      *Circuit Judges.*

_____

C.L., Individually and on Behalf of H.L.,
S.B., Individually and on Behalf of H.L.,

        *Plaintiffs-Appellees*,

        - v. -                                              No. 13-558-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION,

        *Defendant-Appellant.*

_____

For Plaintiffs-Appellees:          CARL H. LOEWENSON, JR., Morrison & Foerster LLP,
                                                (Jesse Cole Cutler, Skyer and Associates, LLP, *on the
                                                brief*), New York, NY.

For Defendant-Appellant:        JULIE STEINER, New York City Law Department, New
                                                York, NY.

For Amicus Curiae Advocates for Children of New York, Legal Services NYC Bronx, Manhattan Legal Services, and South Brooklyn Legal Services:

David, S. Lesser and Alan E. Schoenfeld (Joshua M. Salzman, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY.

For Amicus Curiae Autism Speaks:

Gary S. Mayerson, Mayerson & Associates, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellees C.L. and S.B., individually and on behalf of H.L. ("H.L." or "Plaintiffs"), appeal from a judgment entered January 2, 2013, by the United States District Court for the Southern District of New York (Rakoff, *J.*), granting H.L.'s motion for summary judgment and ordering that Plaintiffs be reimbursed for tuition paid for their son's education for the 2010-2011 school year. In so doing, the district court declined to defer to the decision of the State Review Officer ("SRO"), the final state administrative adjudicator, and instead deferred to the decision of the Impartial Hearing Officer ("IHO"), the lower state administrative tribunal. It agreed with the IHO's finding that Defendant-Appellant Department of Education ("DOE") failed to demonstrate that the proposed program, a 6:1:1 student-teacher-paraprofessional aide with a 1:1 behavior management paraprofessional and other related services (the "proposed program"), would enable H.L. to learn new material. DOE argues that the district court erred in granting Plaintiffs' motion for summary judgment. We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

DOE argues that the district court erred by deferring to the IHO rather than the SRO in finding that DOE had not carried its burden to establish that it provided H.L. with a free

2

appropriate public education, as required by the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1400 *et seq.* It argues that, under our precedent, the SRO's finding that

DOE demonstrated that the proposed program was substantively adequate, "thorough[,] and

careful," and therefore deserves deference. Brief for DOE at 2; *see M.H. v. N.Y.C. Dep't of*

*Educ.*, 685 F.3d 217, 240 (2d Cir. 2012) (quoting *Walczak v. Florida Union Free Sch. Dist.*, 142

F.2d 119, 129 (2d Cir. 1998)).

We recognize that "the role of the federal courts in reviewing state educational decisions

under the IDEA . . . is circumscribed," *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105,

112 (2d Cir. 2007) (internal quotation marks omitted), because the judiciary generally "lack[s]

the 'specialized knowledge and experience' necessary to resolve 'persistent and difficult

questions of educational policy,'" *Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v.*

*Rowley*, 458 U.S. 176, 208 (1982) (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S.

1, 42 (1973)). However, we have explained that "the deference owed to an SRO's decision

depends on the quality of that opinion," in particular, where—as here—the SRO and the IHO

disagree. *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012) (citing *M.H.*, 685 F.3d

at 240). In short, a district court "must defer to the SRO's decision on matters requiring

educational expertise unless it concludes that the decision was inadequately reasoned, in which

case a better-reasoned IHO opinion may be considered instead." *R.E.*, 694 F.3d at 189. Indeed,

"where the SRO rejects a more thorough and carefully considered decision of an IHO, it is

entirely appropriate for the court, having in its turn found the SRO's conclusions unpersuasive

even after appropriate deference is paid, to consider the IHO's analysis, which is also informed

by greater educational expertise than that of judges, rather than to rely exclusively on its own

3

less informed educational judgment." *M.H.*, 685 F.3d at 246.  This is precisely what the district court did in this case.

For substantially the reasons stated by the district court, we agree that DOE failed to provide H.L. with a free appropriate public education because it did not carry its burden of demonstrating that he could learn new material in the proposed program.  Therefore, it is unnecessary to address the parties' arguments about other alleged deficiencies in the individualized education plan or the appropriateness of the proposed placement.  We have considered DOE's remaining arguments about the proposed program and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4